UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                    No. 03-6949

HERBERT GRAHAM,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-95-69-H, CA-97-147-7-H)

Submitted: October 1, 2003

Decided: December 1, 2003

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Herbert Graham, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Herbert Graham appeals the district court's order denying his "Motion for Relief from Judgment under Civil Rule 60(b) and for leave to amend the Pleadings Under the Provisions of Civil Rule 15(c)(2) Relation Back Authority." Graham's motion seeks to reopen the judgment dismissing his first 28 U.S.C. § 2255 motion as untimely filed under the Antiterrorism and Effective Death Penalty Act of 1996. Graham has requested a certificate of appealability from the court in his notice of appeal.

Graham may not appeal from the denial of relief in a habeas proceeding unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (2000). Graham may satisfy this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, ___, 123 S. Ct. 1029, 1039-40 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.), *cert. denied*, 534 U.S. 941 (2001).

We have reviewed the record and determine that Graham's self-styled Motion under Rules 60 and 15 is, in substance, a second habeas corpus motion attacking his conviction and sentence under 28 U.S.C. § 2255 (2000). *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). We therefore treat Graham's notice of appeal and appellate brief as a request for authorization from this court to file a second habeas corpus motion. *See id.* at 208.

This court may authorize a second or successive § 2255 motion only if the applicant can show that his claims are based on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense. *See* 28 U.S.C. §§ 2244(b)(2), 2255. The applicant bears the burden of making a prima facie showing of these

requirements in his application. *See In re Fowlkes*, 326 F.3d 542, 543 (4th Cir. 2003). In the absence of pre-filing authorization, the district court is without jurisdiction to entertain the motion. *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). After reviewing Graham's motion and the record in this matter, we conclude that it does meet the applicable standard.

We therefore deny Graham's request for a certificate of appealability and dismiss the appeal. We further deny Graham's implied request for authorization to file a second or successive habeas corpus motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*